**Paul REX; Tom Conklin,
Plaintiffs–Appellees,**

**v.**

**Ronnie CHUMLEY, et al., Defendants,**

**Ronnie Chumley; Patsy Williams,
Defendants–Appellants.**

**No. 04–21027.**

United States Court of Appeals,
Fifth Circuit.

Decided March 1, 2006.

Sheila R. Haley, Cordell & Haley, Houston, TX, for Plaintiffs–Appellees.

William S. Helfand, Kevin D. Jewell, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Defendants–Appellants.

Before JOLLY, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

The initial question in this appeal is whether we have jurisdiction over the District Court's denial of the Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have appellate jurisdiction only if that ruling denied the Defendants' claim for qualified immunity on some legal ground. *See Hatfield v. Scott,* 306 F.3d 223, 225 (5th Cir.2002). On the basis of the pleadings and record before us, we are unable to make that determination. We therefore

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be

dismiss the appeal and remand the case to the District Court for further proceedings.

APPEAL DISMISSED.

**Michael Henry SMITH, Plaintiff–
Appellant,**

**v.**

**UNITED STATES BUREAU OF
PRISONS, Defendant–
Appellee.**

**No. 04–41210.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided March 1, 2006.

Michael Henry Smith, Yazoo City, MS, pro se.

Andrea Lynn Parker, Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Texas, Beaumont, TX, for Defendant–Appellee.

Before KING, WIENER, and DeMOSS, Circuit Judges.

published and is not precedent except under

387

PER CURIAM: *

Plaintiff–Appellant Michael Henry Smith, federal prisoner # 04325–003, appeals the dismissal of his Federal Tort Claims Act (FTCA) complaint. The district court dismissed Smith's complaint for lack of subject-matter jurisdiction after determining that the Bureau of Prisons' (BOP) staff members involved in the actions Smith challenged in his administrative grievances were sufficiently related to their official duties to entitle the United States to immunity under the FTCA.

Smith complains that the district court (1) failed to conduct a de novo review of the magistrate judge's second report and recommendation; (2) erroneously changed its factfindings by adopting that second report after having accepted the magistrate judge's first report and recommendation; and (3) erred in concluding that the complained-of acts of the BOP staff members were sufficiently related to their official duties to afford the United States immunity under to the FTCA's waiver exception contained in 28 U.S.C. § 2860(c). We disagree that the district court failed to conduct a de novo review or to change any factfindings that were relevant to the dismissal for lack of subject-matter jurisdiction. Smith's first two contentions are therefore without merit.

We further conclude that the acts of the BOP staff members in connection with the shipping of prisoners' personal property and the receipt and forwarding of prisoners' packages were at least remotely related to their official duties: That is sufficient for purposes of immunity. *See Capozzoli v. Tracey,* 663 F.2d 654, 658 (5th Cir.1981). The district court did not err by dismissing Smith's complaint for lack of subject-mat-

ter jurisdiction. *See Jeanmarie v. United States,* 242 F.3d 600, 602 (5th Cir.2001).

AFFIRMED.

v.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.